## THIRD DEPARTMENT, MAY, 1917.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAVILION NATURAL GAS COMPANY, Relator, *v.* PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Respondent.

*Public Service Commission— natural gas company laying pipes in country.*

Certiorari issued out of the Supreme Court on the 2d day of August, 1916.

Determination of the Public Service Commission confirmed, with fifty dollars costs and disbursements. All concurred, except Kellogg, P. J., who dissented in memorandum, in which Lyon, J., concurred.

KELLOGG, P. J. (dissenting): The company is required to extend its pipes 1,000 feet beyond the limits of the village of Moscow and furnish natural gas for the use of the petitioner's farm. The company is to furnish the pipe, the petitioner to pay the expense of laying it. Under the agreement between the town of Leister, in which the farm is, and the company, for laying its main through the town to the village of Moscow, the company is to furnish to all the inhabitants of the town, "in front of whose premises such gas mains shall be laid, such gas as said inhabitants may require for lighting, heating, and manufacturing," etc. The expense of the connection, however, is to be paid by the consumer. The company's mains in the town do not run in front of or near the premises of the petitioner, but are a mile and one-quarter distant at the nearest point. Undoubtedly, under the agreement, and under section 62 of the Transportation Corporations Law* and subdivision 2 of section 66 of the Public Service Commissions Law,* the Commission may require gas to be furnished any farm along-

---

* Consol. Laws, chap. 63 (Laws of 1909, chap. 219), § 62; Consol. Laws, chap. 48 (Laws of 1910, chap. 480), § 66, subd. 2.— [REP.

side of the transmission line. The Transportation Corporations Law (§ 62) limits the right to compel such service for a distance not exceeding 100 feet from the existing mains. It must be conceded that if the public convenience and necessity require the pipe to be placed in the town highway alongside of the petitioner's premises, the. Commission may direct it; but there is no allegation that any other person upon that highway desires the use of the pipe aside from the petitioner. The order shows it is for his use, and he is required to install it. Under subdivision 2 of section 66 the Commission may order " reasonable  *  *  *  'extensions of the works," etc. It cannot order an unreasonable extension, and a reasonable extension is one in the interests of the public or one where the statute expressly authorizes it to be made for the benefit of an individual, as mentioned in section 62 of the Transportation Corporations Law. The Commission cannot require, even in a city or village, an extension of the pipes for more than 100 feet for individual use. It cannot have greater power in the country for the accommodation of a farm. The spirit of the Public Service Commissions Law is that the Commission stands between the company and the public, and it is only moved by an individual when he is asserting a public right for the benefit of himself and others. The Commission does not find that any other person can be benefited by its action; the whole proceeding is based upon the theory that the gas pipe is required solely for the petitioner's farm. The Commission had no authority to make such order, and the extension required is not a reasonable extension. The Appellate Division cannot put its judgment and discretion in the place of the judgment and discretion of the Commission; but it may determine whether the Commission has acted within its authority and whether its action was arbitrary. (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84.) The order should, therefore, be annulled, and the matter remitted to the Commission.

Lyon, J., concurred.